IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA          )
                                  )
v.                                )          Criminal No. 3:12CR47–HEH
                                  )
VINCENT A. WILLIAMS,              )
                                  )
          Petitioner.             )

MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF

No. 520).[1] The Government has moved to dismiss, asserting that Petitioner's § 2255

Motion is barred by the statute of limitations. (ECF No. 525.) For the reasons set forth

below, Petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On April 29, 2013, Petitioner was sentenced to 250 months of imprisonment for

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine

hydrochloride and attempt to possess with intent to distribute 5 kilograms or more of

cocaine hydrochloride. (ECF No. 271, at 1–2; ECF No. 319, at 1–2.) On April 29, 2014,

the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction

and sentence. *United States v. Williams*, 569 F. App'x 169 (4th Cir. 2014). On February

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing
system. The Court corrects the spelling, capitalization, and punctuation in the quotations from
the parties' submissions.

18, 2015, the Fourth Circuit denied Petitioner's petition for rehearing en banc. (ECF No. 371.)

On or about September 19, 2018, Petitioner submitted his § 2255 Motion to prison officials for mailing to this Court. (ECF No. 520–1, at 1.)  The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Petitioner contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | The Court failed to instruct the jurors that they must determine the amount of cocaine "reasonably foreseeable to each defendant as opposed to the conspiracy as a whole."  (ECF No. 521, at 1.) |
| Claim 2 | Counsel failed to investigate the deal obtained by the informant. (*Id.* at 2.) |
| Claim 3 | "[C]ounsel intentionally didn't fight for [Petitioner] because he was obligated to help the government convict Petitioner since counsel did not have good standing with the bar association." (*Id.*) |
| Claim 4 | If counsel had performed effectively, Petitioner would have pled guilty and received a lesser sentence. (*Id.* at 4.) |
| Claim 5 | Counsel failed to challenge the drug amount attributed to Petitioner for sentencing purposes. (*Id.* at 3.) |
| Claim 6 | "Counsel failed to argue for a minor role . . . ."  (ECF No. 520, at 5.) |

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion.  Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;

      **(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      **(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      **(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

      Under 28 U.S.C. § 2255(f)(1), Petitioner's judgment of conviction became final on Tuesday, May 19, 2015, the last date to file a petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Hence, Petitioner had until Thursday, May 19, 2016, to file any motion under 28 U.S.C. § 2255. Because Petitioner did not file his § 2255 Motion until September of 2018, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

      Petitioner contends that he is entitled to a belated commencement of limitation under 28 U.S.C. § 2255(f)(4). (ECF No. 521, at 3.) That provision provides for a belated commencement of the limitation to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "Time begins when the prisoner knows (or through diligence could

3

discover) the important facts, not when the prisoner recognizes their legal significance."
*Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).  At or before his sentencing, Petitioner
could have discovered all the relevant facts for his present claims.  The fact that
Petitioner failed to perceive the alleged errors at that time does not entitle him to a
belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4).  *Id.*
(observing that the petitioner was young and knew little about the law, but concluding
that "if these considerations delay the period of limitations until the prisoner has spent a
few years in the institution's law library, however, then [the statute of limitations] might
as well not exist; few prisoners are lawyers"); *see United States v. Grealish*, 559 F. App'x
786, 787–88 (10th Cir. 2014) (observing the failure to appreciate the legal significance of
a known fact is inadequate to justify an extension).  Accordingly, Petitioner is not entitled
to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4).

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 520) will be
denied.  The Government's Motion to Dismiss (ECF No. 525) will be granted.  The
action will be dismissed.  A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: **March 30, 2021**
Richmond, Virginia

4